[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10534
Non-Argument Calendar
_____

Agency No. A209-341-400

KENIA ELIZABETH CASTILLO-PEREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 2, 2020)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Kenia Elizabeth Castillo-Perez petitions for review of the Board of Immigration Appeals's decision to dismiss her appeal of the immigration judge's denial of her application for asylum and withholding of removal. She argues that the board and the immigration judge erred in finding that she did not establish a nexus between her persecution and her membership in a particular social group (her family). We deny her petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Castillo-Perez, a native and citizen of Honduras, illegally entered the United States on August 17, 2016. On August 19, 2016, the government charged her with being removable for entering without admission at a port of entry. Castillo-Perez conceded that she was removable and applied for asylum and withholding of removal based on her membership in "a particular social group," which she identified as her family. She claimed past persecution and a fear of future persecution related to threats that she and her brother received from their neighbors in Honduras.

While in Honduras, Castillo-Perez's family had a neighbor, Panfilo Molina, who died shortly after fainting on or near their farm. After Molina's death, his daughters threatened revenge on Castillo-Perez and her brother. The daughters believed that Castillo-Perez and her brother were responsible for Molina's death and

2

they threatened to kill Castillo-Perez.  Despite the threats, Castillo-Perez and her brother were never harmed.

An immigration judge denied Castillo-Perez's application for asylum and withholding of removal.  The immigration judge found that her testimony was not credible and that she had not demonstrated past persecution or a well-founded fear of future persecution on account of a protected ground.  The immigration judge found that Castillo-Perez had not established that the threats she faced "were motivated by family ties."  Rather, the immigration judge found that they were motivated by revenge against her and her brother for Molina's death.

The board agreed with the immigration judge and dismissed Castillo-Perez's appeal.  The board found that Castillo-Perez failed to show past persecution because she had never been physically harmed.  And the board found that Castillo-Perez "ha[d] not established the necessary nexus between the claimed fear of persecution and a protected ground" because she failed to show that the persecution was on account of family ties.

Castillo-Perez petitions for review of the board's decision.

## STANDARD OF REVIEW

We review the decision of the board as the final judgment, unless the board expressly adopted the immigration judge's opinion.  Perez-Zenteno v. U.S. Att'y Gen., 913 F.3d 1301, 1306 (11th Cir. 2019).  Where the board agrees with the

3

immigration judge's reasoning, we review the decisions of both the board and the immigration judge.  Id.

We review the board's and the immigration judge's legal conclusions de novo.  Gonzalez v. U.S. Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016).  And we review factual findings under the substantial evidence test, viewing "the record evidence in the light most favorable to the agency's decision and draw[ing] all reasonable inferences in favor of that decision."  Perez-Zenteno, 913 F.3d at 1306 (citation omitted).  Whether there's a nexus between persecution and a protected ground is a finding of fact that we review under the substantial evidence test.  See Rodriguez v. U.S. Att'y Gen., 735 F.3d 1302, 1311 (11th Cir. 2013) (reviewing the board's and the immigration judge's lack-of-nexus finding under the substantial evidence test).  We accept the board's and the immigration judge's finding if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Perez-Zenteno, 913 F.3d at 1306 (citation omitted).  To reverse a factual finding, the record must not only support reversal, but compel it. Id.

## DISCUSSION

Castillo-Perez argues that the board and the immigration judge erred in finding that she did not establish a nexus between her persecution (the threats) and her membership in a particular social group (her family).  We disagree.

4

To be eligible for asylum, a noncitizen must show a "nexus" between her persecution and a protected ground (race, religion, nationality, membership in a particular social group, or political opinion); the protected ground must be "at least one central reason" for the persecution. Perez-Sanchez v. U.S. Att'y Gen., 935 F.3d 1148, 1158 (11th Cir. 2019). Evidence of "private violence" is not evidence of persecution on account of a protected ground. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006).

We assume (without deciding) that Castillo-Perez's family was a particular social group. Even so, the board and the immigration judge found that the Molinas' threats against Castillo-Perez were motivated by "revenge against her or her brother" not "revenge against the family." This finding was supported by substantial evidence.

First, the record evidence showed that the Molinas threatened Castillo-Perez and her brother not because the Molinas blamed Castillo-Perez's entire family, but because they perceived that Castillo-Perez and her brother—and no one else—were the ones responsible for Molina's death. Castillo-Perez testified that only she and her brother were threatened because they "were the . . . ones that lived in Concepcion," where the incident on the farm happened. Castillo-Perez's brother also said in his affidavit that the Molinas threatened him and his sister because the Molinas believed they were responsible for Molina's death. The Molinas did not

5

hold Castillo-Perez's parents responsible, even though it was their land and they also lived there at the time.

Second, the record evidence showed that the Molinas did not threaten revenge against anyone else in Castillo-Perez's family other than her and her brother. Castillo-Perez testified that none of her family members were harmed, even though her parents, child, brother, and two other siblings still lived in Honduras.

Because the threats were only made against those that the Molinas perceived to be responsible for their father's death, and because no one else in Castillo-Perez's family was threatened, there was substantial evidence supporting the board's and the immigration judge's finding that Castillo-Perez was targeted because of revenge, not because of her family connections.  And because Castillo-Perez did not satisfy the standard for asylum, she cannot meet the higher burden for withholding of removal. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005) (holding that Sepulveda could not establish a withholding of removal claim because she could not meet the standard to establish her asylum claim).

**PETITION DENIED.**